IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for INDYMAC BANK, F.S.B,

    Plaintiff,

  v.

JUDITH A. WARREN, an individual d/b/a J WARREN APPRAISAL SERVICE, type of entity unknown; PATRICIA L. DENNIS, an individual d/b/a BOHANNON APPRAISAL, type of entity unknown; and DOES 1 through 10, inclusive,

    Defendants.
_____/

No. C 11-3260 CW

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (Docket No. 13)

    Plaintiff Federal Deposit Insurance Corporation, as receiver for IndyMac Bank, F.S.B., has sued Judith A. Warren, an individual doing business as J. Warren Appraisal Service, and Patricia L. Dennis, an individual doing business as Bohannon Appraisal, for claims arising from the appraisal of certain real property.  The FDIC's first cause of action alleges that Defendants breached their contracts by failing to describe the property adequately, misrepresenting the property's value, using improper and negligently selected comparable sales, failing to comply with the Uniform Standards of Professional Appraisal Practice and failing to discuss adequately the fact that the property was a bed-and-breakfast, not a single family home.  The FDIC's second cause of action alleges that Defendants negligently misrepresented the

value of the property.  Defendants have filed separate answers to the complaint.  Pursuant to Federal Rule of Civil Procedure 12(f), the FDIC moves to strike Warren's second affirmative defense, contributory or comparative negligence, and her ninth affirmative defense, comparative indemnification.  Docket No. 13.  Having considered all of the parties' submissions, the Court DENIES the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal alterations and quotation marks omitted), overruled on other grounds by 510 U.S. 517 (1994).  Matter is immaterial if it has no essential or important relationship to a claim for relief or defense.  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).  Impertinent matter is that which does not pertain to issues in question.  Id.

## DISCUSSION

Warren pleads IndyMac's comparative fault in her second and ninth affirmative defenses in a general manner that appears directed at both causes of action.  The FDIC contends that the

2

defenses are insufficient as to its breach of contract and negligent misrepresentation claims.  The FDIC cites authority indicating that comparative fault, in general, is not a defense to a claim for breach of contract.  Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 402 (2000).  Kransco does not establish that comparative fault is never a defense, under California law, to contract claims.

The FDIC also argues that Van Meter v. Bent Constr. Co., 46 Cal. 2d 588, 595 (1956), demonstrates that Warren cannot assert an affirmative defense to the FDIC's negligent misrepresentation claim based on comparative fault.  Negligent misrepresentation is a species of the tort of deceit.  Bily v. Arthur Young & Co., 3 Cal. 4th 370, 407 (1992).  "Where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit."  Id. (internal quotation marks omitted).  In Van Meter the California Supreme Court held that a defendant who misrepresents facts and induces the plaintiff to rely on the misrepresentations is barred from asserting that the plaintiff's reliance was negligent unless the plaintiff's conduct, in light of his or her intelligence and information, is preposterous or irrational.  46 Cal. 2d at 595.

Warren's opposition brief makes clear that her comparative negligence defense will challenge IndyMac's conduct and actions in underwriting the loans.  Although Warren's answer and brief do not

3

specify what actions will be challenged, she may seek to defend herself by asserting that IndyMac failed to follow underwriting procedures or neglected to review borrower loan applications.  The FDIC is correct that Warren cannot prevail if this defense is limited to evidence that IndyMac did not review borrower loan applications.  Such an oversight would not make IndyMac's reliance on Warren's appraisal irrational or preposterous.  However, the Court does not assume that Warren's defense is so limited.  Discovery may reveal evidence about what IndyMac knew or did, such that its reliance on the appraisal was irrational or preposterous.  If discovery does not produce such evidence, the FDIC may move for summary judgment to dispose of the issue.

    The district court in FDIC v. Kirkland, 2010 U.S. Dist. LEXIS 143691, *5-6 (C.D. Cal.), reached a different conclusion, reasoning that the defendant's affirmative defense of comparative fault was precluded as a matter of law and granting the FDIC's motion to strike the defense.  The court cited Van Meter for the proposition that, with respect to an allegation of deceit, the plaintiff's behavior is considered as part of the analysis of whether the plaintiff's reliance was reasonable.  The court did not acknowledge Van Meter's holding that a defense based on comparative fault is permissible when the plaintiff's reliance is irrational or preposterous.  Therefore, Kirkland overlooked that the defense is cognizable, albeit in limited circumstances.

4

FDIC v. Munoz, 2011 U.S. Dist. LEXIS 105500 (C.D. Cal.) is also unpersuasive. The court there recognized that a defendant who misrepresents facts and induces the plaintiff's reliance on those facts may assert a defense based on the plaintiff's conduct if the plaintiff's reliance is preposterous or irrational. However, the court then stated that the risk of falsity is on the one who makes a representation, disregarding law that, as a matter of law, the risk is not placed in all circumstances solely on the person who makes a negligent misrepresentation.

Striking Warren's second and ninth affirmative defenses is unwarranted. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (noting that motions to strike are disfavored and "will not be granted if the insufficiency of the defense is not clearly apparent.").

CONCLUSION

The FDIC's motion, Docket No. 13, is DENIED.

IT IS SO ORDERED.

Dated: 10/25/2011

CLAUDIA WILKEN
United States District Judge